Todd Blanche
Attorney General of the United States
Benjamin D. Seal
Assistant United States Attorney
Eastern District of Washington
402 E. Yakima Ave, Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JOHNNY ANDRES ASUNCION III,<br><br>Defendant. | Case No.: 1:17-CR-02015-EFS-1<br><br>GOVERNMENT'S SENTENCING MEMORANDUM<br><br>Sentencing Hearing:<br>September 22, 2026; 10:00 a.m. |

Plaintiff, United States of America, by and through Benjamin D. Seal, Assistant United States Attorney for the Eastern District of Washington, submits the following United States' Sentencing Memorandum. For the reasons that follow, the United States respectfully recommends this Court impose a sentence of imprisonment of 228 months.

## I. Base Offense Level and Enhancements

The United States does not object to the sentencing guideline, minimum penalty, maximum penalty and criminal history calculations in the Presentence Investigation Report.

## II. Section 3553(a) Factors for Sentencing

### a. The Nature and Circumstances of the Offense

Defendant was convicted for possessing approximately 756 grams of pure methamphetamine, a factor reflected in the Base Offense Level. PSR ¶¶ 14, 20. The drugs seized were consistent with the information received by the Pacific Northwest Violent Offender Task Force that Defendant had been violating the terms of his supervised release by dealing drugs. PSR ¶ 10.

The Base Offense Level contemplates the exact conduct engaged in by the Defendant, and Defendant was on supervision at the time he committed the instant offense. The nature of the offense does not suggest a variance or departure from the Guidelines is appropriate.

### b. The Defendant's Characteristics and History

Defendant has a long history of breaking the law, disrespecting and failing to comply with the judgements of this court and numerous other courts, and being a danger to the community at large.

Defendant's first conviction for trafficking methamphetamine was in 2006 by this Court. Defendant was sentenced to 92 months in prison and four years of supervised release (which Defendant violated with the instant offense). The conviction was the result of controlled purchases, during which Defendant displayed violent and threatening behavior. On one occasion, Defendant threatened to assault a confidential source and "rape a member of the CS's family" because the CS owed him money for a gun. PSR ¶¶ 77-78. A few days later, Defendant robbed the CS. PSR ¶ 79. Following release from prison, Defendant violated this Court's conditions of supervision six times.

Defendant also has a history of firearms violations dating back to 2000, when he was convicted of being a felon-in-possession of multiple firearms, including a shotgun, six revolvers (one of which was stolen), and an unarmed grenade. PSR ¶¶ 130-32. After his release from prison, he violated supervised release conditions several times. PSR ¶¶ 137-39.

One year and three months after he was released from prison on that offense, Defendant was arrested for possessing another firearm. PSR ¶ 145. He was sentenced by this Court to 27 months' imprisonment. After release from prison, Defendant violated several supervised release conditions within a year. PSR ¶ 149-50.

Aside from drugs and firearms, the Defendant also has a penchant for violence. In addition to the behavior displayed during the 2005 investigation, Defendant has been convicted of assault on two occasions, including in 2000 after Defendant kicked an intimate partner in the stomach 10-12 times, threatened to kill her, and threatened to harm her family if she reported it. PSR ¶¶ 50-53. In 2004, Defendant was convicted of third-degree assault after he jumped another inmate and broke his jaw for "talk[ing] too much" and being a "snitch." PSR ¶¶ 59-64.

In short, Defendant has a long history of involvement with drug trafficking, firearms and violence.

c. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Afford Adequate Deterrence, and Protect the Public from the Defendant

The Defendant has been the subject of criminal prosecutions for his entire adult life. Twenty years of unsuccessful attempts at rehabilitation has made it clear that a lengthy sentence is necessary to protect the public from the Defendant. The Defendant is 47 years old. He has been given multiple opportunities to change course, including with substance abuse treatment. PSR ¶¶ 165-75. The 228-month sentence recommended by the United States would at least segregate the Defendant from the public until he is in his late fifties. The

combination of 228 months in prison and older age will hopefully mitigate the danger the Defendant poses.

## III. Conclusion

For the reasons stated herein, the government respectfully recommends a sentence of 228 months incarceration.

Dated: September 1, 2026.

Todd Blanche
Attorney General

*s/ Benjamin D. Seal*
Benjamin D. Seal
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Defendant's counsels of record.

*s/Benjamin D. Seal*
Benjamin D. Seal
Assistant United States Attorney